STATE of Minnesota, Respondent,

v.

Carl CRAIN, Appellant.

No. 51740.

Supreme Court of Minnesota.

June 26, 1981.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Kenneth W. Saffold, Sp. Asst. Attys. Gen., St. Paul, Richard W. Swanson, County Atty., Grand Marais, for respondent.

OTIS, Justice.

Defendant was found guilty of theft of over $150, Minn.Stat. § 609.52, subd. 2(1) and subd. 3(2) (1980). He was sentenced to a maximum five-year prison term to run concurrently with a prior sentence which resulted in parole revocation. In addition, the court ordered restitution and fined defendant $200. We affirm.

1. There is no merit to the contention that the evidence did not establish that

the property taken was valued at more than $150. Defendant was charged with stealing money from the till of a liquor store in Grand Marais. Using the store's normal accounting procedures, the owner found that the cash register was "short" just over $200. When appellant and his accomplice, Janet Ostroot,[1] were arrested a few hours later as they attempted to cross the border into Canada, they had in their possession 26 $10 bills plus 32 $5 bills, on one of which was marked in pencil the number "70" which the owner of the bar testified he had written in his own hand.

2. Although the identification procedures conducted shortly after the defendants were arrested left something to be desired, we hold that there was no "very substantial likelihood of irreparable misidentification"—*Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), and *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). The witnesses had ample opportunity to see and confront this defendant at the scene of the theft and he was returned to Grand Marais for identification within a few hours.

3. Defendant's final contention is that the trial court erred in denying a motion to exclude from evidence defendant's four prior theft convictions. Whether theft is automatically admissible under Minn.R. Evid. 609 as a conviction directly involving "dishonesty or false statement," discussed at 3 D. Louisell and C. Mueller, *Federal Evidence*, § 317 (1979), we need not decide. Nor do we pass on the propriety of receiving all four convictions to impeach defendant's credibility since we are satisfied that in light of the overwhelming evidence of guilt, if there was error it was not prejudicial.

Affirmed.

1. See *State v. Ostroot*, 306 N.W.2d 892 (Minn. 1981).